# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **TYRONE GILL, # N10443,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 13-cv-00802-JPG** |
| | ) | |
| **MICHAEL ATCHISON,** | ) | |
| **JACQUFLIN LASHBROOK,** | ) | |
| **SGT. HASEMEYER, and** | ) | |
| **OFFICER HECHT,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>MEMORANDUM AND ORDER</u>

**GILBERT, District Judge:**

Plaintiff Michael Atchison, an inmate in Stateville Correctional Center, brings this action

for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, based on incidents that

occurred while Plaintiff was housed at Menard Correctional Center.  This case is now before the

Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as
> soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks
> redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable
> claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief
> > may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from
> > such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact."

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief

can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its

face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The claim of entitlement to

relief must cross "the line between possibility and plausibility.  *Id.* at 557.   Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim.  *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).   Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*.  At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed.  *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under Section 1915A; portions of this action are subject to summary dismissal.

## The Complaint

In July 2012, Plaintiff was found guilty of violating a variety of prison rules after he used the mail to convince his cellmate's grandmother to send him a total of $950.00.  As punishment, Plaintiff was sent to segregation, demoted to C grade and lost commissary privileges, all for one year's time.   His punishment did not include an order to pay restitution.   Defendant Lt. Lashbrook, an Internal Affairs officer, subsequently told Plaintiff that if within 48 hours he did not send out every penny in his trust fund account to the victim of his mail fraud, she would make his life at Menard a "living hell."  When Plaintiff pointed out that restitution was not part of his punishment, Lashbrook pushed him to the floor, despite Plaintiff being handcuffed.  Lt.

Lashbrook then called Defendants Sgt. Hasemeyer and C/O Hecht into the room. Lashbrook instructed that if Plaintiff moved *again* or said a word, they were to "f___ him up." Lashbook also repeated her directive about making a restitution payment within 48 hours. That same day Lashbrook issued Plaintiff disciplinary tickets for intimidation and/or threats, insolence, and disobeying an order.

From Plaintiff's perspective Lashbrook's charges were unfounded, and also retaliatory, in that Lashbrook was upset with the Adjustment Committee for not imposing restitution. Plaintiff was found guilty of the charges.  He received another three months in segregation, demotion in grade, loss of commissary privileges, and he also lost three months of good conduct credit. According to Plaintiff, it is the role of the Adjustment Committee, not Internal Affairs, to require restitution.

Based on the allegations of the complaint, the Court finds it convenient to divide the *pro se* action into two counts.  The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.   The designation of these counts does not constitute an opinion as to their merit.

> **Count 1:   Defendant Lashbrook used excessive force when she pushed Plaintiff to the ground, in violation of the Eighth Amendment;**

> **Count 2:   Defendant Lashbrook violated Plaintiff's Fourteenth Amendment right to procedural and substantive due process when she punished Plaintiff by requiring restitution and issued disciplinary charges in retaliation for Plaintiff asserting his constitutional rights in violation of the First Amendment.**

## Discussion

### Personal Involvement

Merely naming a defendant in the caption is insufficient to state a claim.  *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998).  Section 1983 creates a cause of action based on

personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted).  As a result, the doctrine of *respondeat superior* does not apply to actions filed under 42 U.S.C. § 1983.  *See, e.g., Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008).

Warden Atchison is named in the case caption, but he is not mentioned within the narrative of the complaint. Therefore, there is no claim asserted against him and dismissal is warranted. Dismissal shall be without prejudice.

Defendants Sgt. Hasemeyer and C/O Hecht are mention within the narrative portion of the complaint, but the allegations do not link them to the incident where Plaintiff was pushed to the ground (Count 1), or to the directive regarding restitution and issuance of false disciplinary charges (Count 2).  All that the complaint alleges is that Hasemeyer and Hecht were summoned to Lashbrook's office after Plaintiff had been threatened and pushed to the ground.  Therefore, there is insufficient personal involvement alleged and Hasemeyer and Hecht will be dismissed without prejudice.

## **Count 1**

The allegation that Lt. Lashbrook pushed Plaintiff to the ground without penological justification that underlies Count 1 is insufficient to state a claim upon which relief can be granted.

Punishment without penological justification violates the Eighth amendment. *Whitman v. Nesic*, 368 F.3d 931, 934 (7th Cir. 2004).

> In excessive force cases, "the core judicial inquiry" is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." [*Hudson v. McMillian*, 503 U.S. 1, 6-7, 112 S.Ct. 995 (1992).] A court should examine a variety of factors in conducting this inquiry,

including the need for an application of force, the relationship between that need and the force applied, the threat reasonably perceived by the responsible officers, the efforts made to temper the severity of the force employed, and the extent of the injury suffered by the prisoner. *See id.* at 7, 112 S.Ct. 995. With regard to the last of these factors, while significant injury is not required, a claim ordinarily cannot be predicated upon a *de minimis* use of physical force. *See id.* at 9–10, 112 S.Ct. 995. Thus, not every push or shove by a prison guard violates a prisoner's constitutional rights. *See id.* at 9, 112 S.Ct. 995 (citing *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir.1973)).

*DeWalt v. Carter*, 224 F.3d 607, 619-620 (7th Cir. 2000). Because the complaint only describes a *de minimis* use of force, no Eighth Amendment claim has been stated. Therefore, Count 1 will be dismissed on the merits, with prejudice.

## Count 2

Count 2 is premised upon the allegations that Lt. Lashbrook took it upon herself to require restitution and then issued disciplinary charges against Plaintiff. Although Plaintiff clearly indicates that Lashbrook was "retaliating" because she disagreed with the Adjustment Committee's decision not to impose restitution (which is not a constitutional violation), the factual scenario could be construed as linking the decision to issue disciplinary charges because Plaintiff asserted his right not to have restitution imposed without due process. Therefore, Court has characterized this as a Fourteenth Amendment claim regarding both procedural and substantive due process, but not an Eighth Amendment punishment claim. Such a claim and the distinction between the Fourteenth and Eighth Amendments were recognized in *Lagerstrom v. Kingston*, 463 F.3d 621, 625 (7th Cir. 2006) (citing *Black v. Lane*, 22 F.3d 1395, 1402-03 (7th Cir. 1994)). The First Amendment retaliation claim is essential to triggering due process protections and is thus the lynchpin of Count 2. *Black*, 22 F.3d at 1403 n. 11. If the allegations were not construed in this manner, Count 3 would not state a viable claim.

Due process claims of this nature may be brought under Section 1983 and are not barred under *Heck v. Humphrey*, 512 U.S. 477 (1994), even though Plaintiff's disciplinary convictions have not been overturned—provided the claims do not challenge the Adjustment Committee's decision itself (which the complaint does not challenge).  *See Black, 22 F.3d at 1403* (citing *Sprouse v. Babcock,* 870 F.3d 450, 452 (8th Cir. 1989)); *see also Moore v. Mahone*, 652 F.3d 722, 723-25 (7th Cir. 2011).

At this preliminary stage, Count 2 states a colorable claim and shall proceed.

**Pending Motions**

Plaintiff's motion for recruitment of counsel (Doc. 3) shall be referred to United States Magistrate Judge Philip M. Frazier for further consideration.

By separate order Plaintiff was granted pauper status.  Therefore, pursuant to 28 U.S.C. 1915(d), Plaintiff's motion for service of summons and the complaint at government expense (Doc. 4) shall be granted.

**Disposition**

**IT IS HEREBY ORDERED** that, for the reasons stated, **COUNT 1** fails to state a claim upon which relief may be granted and is **DISMISSED** with prejudice; and Defendants **MICHAEL ATCHISON**, **SGT. HASEMEYER** and **OFFICER HECHT** are **DISMISSED** from this action without prejudice. Count 2 against Defendant **LASHBROOK** shall proceed.

**IT IS HEREBY ORDERED** that Plaintiff's motion for service of summons and the complaint at government expense (Doc. 4) is **GRANTED**.

The Clerk of Court shall prepare for Defendant **JACQUFLIN LASHBROOK**:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint,

and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the form was sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with Defendant's current work address, or, if not known, Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Philip M. Frazier for further pre-trial proceedings, which shall include a determination on the pending motion for recruitment of counsel (Doc. 3).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Philip

M. Frazier for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.   *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.   This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.   Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.   *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: September 3, 2013**

*s/ J. Phil Gilbert*
**U.S. District Judge**