IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

TYRONE GILL,

      Plaintiff,

vs.

JACQUELIN LASHBROOK,

      Defendant.

Case No. 13-cv-802-SMY-PMF

**MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff's Motion *in Limine* (Doc. 73) and Defendant's Motion *in Limine* (Doc. 74). For the following reasons, Plaintiff's motion is **GRANTED in part** and **DENIED in part** and Defendant's motion is **DENIED.**

**BACKGROUND**

At all times relevant, Plaintiff was in the custody of the Illinois Department of Corrections ("IDOC") and incarcerated at Menard Correctional Center ("Menard"). In a July 2012 prison disciplinary proceeding, Plaintiff was found guilty of violating various prison rules including mail fraud after he convinced his cellmate's grandmother to send him $950. Plaintiff's punishment included segregation, a demotion to C grade, and the loss of commissary for one year. He was not ordered to pay restitution. Plaintiff has alleged that subsequent to the disciplinary proceeding, Defendant, an Internal Affairs officer, told him that if he did not repay his mail fraud victim within 48 hours she would make his life a "living hell." Plaintiff objected that restitution was not part of his punishment and she could not impose restitution on him. Defendant then pushed Plaintiff to the floor, called Sgt. Hasemeyer and C/O Hecht into the room, and told Plaintiff that if he moved again or said a word, they would "f\_\_\_\_ him up." Defendant again told Plaintiff to pay restitution within 48 hours. As a result of the foregoing incident, Defendant issued Plaintiff disciplinary tickets for intimidation and/or threats, insolence, and disobeying an order. Plaintiff alleges Defendant issued the disciplinary tickets for retaliatory purposes

because she was upset that the Adjustment Committee did not impose restitution as a part of Plaintiff's punishment for mail fraud.

After a preliminary review of Plaintiff's Complaint, the Court found Plaintiff had stated the following viable claim:

> Count II: Defendant violated Plaintiff's Fourteenth Amendment right to procedural and substantive due process when she punished Plaintiff by requiring restitution and issued disciplinary charges in retaliation for Plaintiff asserting his constitutional rights in violation of the First Amendment

Specifically, the Court construed the Complaint

> as linking the decision to issue disciplinary charges because Plaintiff asserted his right not have restitution imposed without due process. Therefore the Court has characterized this as a Fourteenth Amendment claim regarding both procedural and substantive due process . . . . The First Amendment retaliation claim is essential to triggering due process protections and is thus the lynchpin of Count 2.

(Doc. 7, p. 5).[1] Subsequent to the preliminary review, Plaintiff informed the Court he is only proceeding on the substantive due process claim. With the understanding that the only remaining cause of action in this case is the violation of Plaintiff's substantive due process right when Defendant wrote a disciplinary ticket to Plaintiff in retaliation for Plaintiff exercising his First Amendment Right to object to Defendant's imposition of restitution, the Court rules on the parties' motions *in limine* as follows.

## Plaintiff's Motion *in Limine* (Doc. 73)

In Paragraphs 1 and 2, Plaintiff seeks to exclude Exhibit 9 because Defendant failed to disclose this document in discovery. Defendant indicates that she had previously listed Defendant's Exhibit 9 as "Report of Investigation for Mail Fraud/Forgery," but subsequently changed Exhibit 9 to Plaintiff's deposition. Counsel for Defendant has informed the Court that she no longer plans to offer the "Report of Investigation for Mail Fraud/Forgery." Accordingly, to the extent Plaintiff seeks to bar the "Report of Investigation for Mail Fraud/Forgery," his motion *in limine* is moot.

---

[1] The Seventh Circuit recognized such a claim in *Black v. Lane*, in which it explained that "[i]ssuing false and unjustified disciplinary charges can amount to a violation of substantive due process if the charges were in retaliation for the exercise of a constitutional right." 22 F.3d 1395, 1402-03 (7th Cir. 1994).

2

In Paragraphs 3 and 4, Plaintiff seeks to bar reference to the mail fraud investigation because its probative value would be substantially outweighed by the likelihood of unfair prejudice. Defendant argues the mail fraud investigation is relevant because it tends to show the reason Plaintiff became confrontational with Defendant - the legitimate reason for which Defendant issued the disciplinary ticket. Specifically, Plaintiff thought the only sanction he would face were those ordered by the adjustment committee, which did not include repayment of $950 in restitution. When he discovered Defendant was making him pay the $950, he acted out towards Defendant resulting in the disciplinary ticket.

The Court finds evidence relating to the mail fraud investigation, other than the resulting disciplinary recommendation, is not relevant to Plaintiff's retaliation claim. The details of the mail fraud investigation do not tend to prove or disprove whether or not Defendant issued the July 24, 2012 disciplinary in retaliation for Plaintiff's exercise of his First Amendment rights. The Court, however, does find that the recommended discipline from the mail fraud investigation is relevant. Accordingly, Plaintiff's motion is granted to the extent Defendant is barred from introducing details of the mail fraud investigation with the exception of the recommended discipline.

In Paragraph 5, Plaintiff seeks to exclude Defendant's Exhibits 5 through 7, Plaintiff's disciplinary records related to the mail fraud/forgery, unless all details of the incident are redacted except for the disciplinary action. Defendant responds that these exhibits are relevant to show Plaintiff's motive for becoming confrontational with Defendant. Again, for the above-stated reasons, the Court finds any evidence relating to the mail fraud investigation, other than the resulting disciplinary recommendation, is not relevant to Plaintiff's retaliation claim. Accordingly, Plaintiff's motion is granted to the extent Defendant is barred from introducing Exhibits 5 and 7 unless they are redacted only to show the recommended discipline.

In Paragraph 6, Plaintiff seeks to exclude Defendant's Exhibit 8 – Plaintiff's disciplinary card, because the disciplinary card may show other unrelated offenses that would prejudice the jury. Again,

for the above-stated reasons, the Court finds any evidence relating to the mail fraud investigation, other than the resulting disciplinary recommendation, is not relevant to Plaintiff's retaliation claim. Accordingly, Plaintiff's motion is granted to the extent Defendant is barred from introducing Exhibit 8 unless it is redacted only to show the recommended discipline from the mail fraud investigation or the disciplinary ticket written by Defendant.

In Paragraph 7, Plaintiff seeks to exclude any evidence revealing the conviction for which he is incarcerated because it would be unduly prejudicial. Defendant counters that the prejudicial effect of this evidence is not substantially outweighed by its probative value. Specifically, Defendant argues Plaintiff's credibility is at issue in this case and Plaintiff's conviction of a felony evidences his credibility. Federal Rule of Evidence 609(a) provides that Plaintiff's conviction for which he is still incarcerated is admissible subject to Rule 403. When considering Rule 403, the Court finds that the prejudicial value of Plaintiff's conviction is substantially outweighed by any probative value. Fed. R. Evid. 403. A conviction for "Murder/Intent to Kill/Injure," the conviction for which Plaintiff is currently incarcerated according to the Illinois Department of Corrections' Offender Search, is not highly probative of credibility. *See Christmas v. Sanders*, 759 F.2d 1284, 1292 (7th Cir. 1985); *see also Jones v. Sheahan*, No. 99-C-3669, 01-C-1844, 2003 WL 21654279, at *2 (N.D. Ill. July 14, 2001). However, a murder conviction may substantially prejudice the jury towards Plaintiff. As such, Plaintiff's motion is granted to the extent that Defendant shall not refer to Plaintiff's murder conviction.

In Paragraph 8, Plaintiff seeks an order from this Court requesting that the defense refer to him as Mr. Gill in the presence of the jury. With the understanding that the defense will not refer to Plaintiff as "inmate" or "offender," the motion is denied as this Court cannot direct the defense to address Plaintiff only as "Mr. Gill."

In Paragraph 9, Plaintiff seeks to exclude any details concerning the restitution ordered in the mail fraud disciplinary ticket or the amount of money on his prisoner trust account because those details are irrelevant and would prejudice him. Again, the Court finds any evidence relating to the mail fraud

investigation, other than the resulting disciplinary recommendation, is not relevant to Plaintiff's retaliation claim. Similarly, the amount of money in Plaintiff's trust account is irrelevant to determining whether Defendant retaliated against Plaintiff. Accordingly, Plaintiff's motion *in limine* set forth in Paragraph 9 is granted.

### Defendant's Motion *in Limine* (Doc. 74)

Defendant seeks to bar all of Plaintiff's witnesses – Ron Brown, Minh T. Scott, Joseph Harrington, and Shaun M. Reiman. Defendant states that standby counsel indicated to her that Brown and Harrington would testify as to what Plaintiff stated to them following the incident. Defendant argues this testimony is inadmissible as hearsay. Defendant further argues Brown's and Harrington's testimony would be irrelevant because "[w]hether Plaintiff told other inmates his version of events following the incident does not make it more or less likely that Defendant [] wrote Plaintiff a retaliatory disciplinary ticket" (Doc. 74, p. 3). Defendant states standby counsel indicated to her that Scott "would likely testify that the adjustment committee for Plaintiff's July 10, 2012 ticket did not order restitution" (Doc. 74, p. 3). Defendant argues this testimony is irrelevant. Defendant states that standby counsel indicates that correctional officer Reiman "will testify that Plaintiff was handcuffed when he was escorted to Internal Affairs to meet with Defendant [] on July 24, 2012" (Doc. 74, p. 3). Defendant argues that whether Plaintiff was handcuffed is irrelevant because it has no bearing on whether Defendant issued a retaliatory ticket.

Plaintiff counters that Defendant should talk directly to him for information regarding the testimony of his witnesses because Defendant is not represented by counsel in this case. Plaintiff takes issue with Defendant's motion because it is based on Defendant's speculation as to what Plaintiff's witnesses *might* testify to at trial. Plaintiff further argues that even if some elicited testimony is hearsay, exceptions to the hearsay rule may be applicable. The Court agrees with Plaintiff. The Court will not bar Plaintiff's witnesses based on Defendant's speculation of his witnesses' testimony. Defendant may raise her hearsay objections at trial.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS in part** and **DENIES in part** Plaintiff's Motion *in Limine* (Doc. 73) and **DENIES** Defendant's Motion *in limine* (Doc. 74).

**IT IS SO ORDERED.**

**DATED:** July 22, 2015

s/ Staci M. Yandle
**STACI M. YANDLE**
**DISTRICT JUDGE**
